**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

Dated: 02:03 PM October 19, 2015

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| NATALIE MICHELLE BOOK, | ) | CASE NO. 11-62686 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

Ramona A. Clark ("Clark"), Debtor's mother, filed a proof of claim for $35,000.00. Josiah L. Mason, chapter 7 trustee, ("Trustee") objected to the claim, stating it was overstated by $5,000.00. The court held a hearing on September 14, 2015 and the parties submitted post-hearing in support of their respective positions.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and the court has authority to enter final orders and judgments. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Debtor and Clark were co-owners of property dating back to 1989. In 2005, Clark paid Debtor $35,000.00 to buy out Debtor's interest in the property but the transfer was not formalized and recorded until March 22, 2011. Debtor filed a chapter 7 case on August 17, 2011. Trustee obtained summary judgment on a complaint to avoid the transfer as preferential. In response, Clark paid Trustee $30,000.00 to retain Debtor's half-interest in the property. This figure was based on a 2011 appraisal valuing the property at $60,000.00.

Clark filed a $35,000.00 claim against the estate, representing the amount she paid under their original agreement. Trustee objected to the claim amount, arguing Clark's claim is $30,000.00, the amount she paid the estate to retain the property.

## LAW AND ANALYSIS

Under §502(h), Clark has a right to a claim following avoidance of the preferential transfer. The question is this case is whether Clark's claim against the estate is $30,000.00, the amount she had to pay Trustee to retain the property, or $35,000.00, the amount she paid Debtor for the one-half interest in the property. The court finds that Clark's claim is for $30,000.00, which is the amount she was damaged.

Debtor's obligation to Clark was to transfer her half-interest in the real estate, not a monetary amount. When she transferred the real estate, the value of her interest was $30,000.00. This satisfied her obligation to Clark. Although Clark paid $35,000.00, the property depreciated and at the point Debtor fulfilled her obligation, Clark lost $5,000.00 in the bargain. Her attempt to recoup this amount from the estate is misplaced.

When the transfer was deemed preferential, Clark was forced to pay the value of the property, $30,000.00, to settle the avoidance action and retain the property. She now has an undivided interest in the property, which is what she bargained for with Debtor. It is $30,000.00 she is out of pocket, the amount paid to prevent Trustee from setting aside the transfer. To allow her to recover an additional $5,000.00 at the expense of other creditors would be wrong and would give her more than the benefit of her bargain.

It may be easier to understand if the numbers are further apart. Consider the facts if Debtor's interest at the time of transfer was worth $100.00 and Clark pays $100.00 to keep the property. Would she have a claim for $35,000.00 against the estate because she paid $100.00? The answer is clearly no.

Also consider the converse, if the property appreciated and Debtor's half-interest was worth $50,000.00 when transferred to Clark. In that situation, Clark would have to pay $50,000.00 to retain the property. At this point, her damages are $50,000.00, the amount she paid the estate, not merely the $35,000.00 from the original agreement.

Clark's technical argument as to allowable claims is misplaced. The sections cited deal with whether claims should be allowed, not the amount of the claim. Under this theory, a grossly inaccurate amount must be allowed because in Clark's view, only the enumerated items are grounds for objection.

The court finds that Trustee's objection is well-taken. An order sustaining the objection will be entered immediately.

#  #  #

**Service List:**

Josiah L Mason
153 W Main St
PO Box 345
Ashland, OH 44805-2219

Brian J Chisnell
PO Box 2668
1075 National Parkway
Mansfield, OH 44906-1908

3